

**FILED**
**May 07, 2024**
**11:03 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| Solomon Demissie, | ) | Docket No. 2023-06-2358 |
| Employee, | ) | |
| v. | ) | |
| N & S, Inc., | ) | State File No. 9505-2023 |
| Employer, | ) | |
| And | ) | |
| Hanover Insurance Co., | ) | Judge Kenneth M. Switzer |
| Carrier. | ) | |

## COMPENSATION ORDER GRANTING PARTIAL SUMMARY JUDGMENT

N & S, Inc. filed a motion for summary judgment contending that no genuine issues of material fact exist about whether Solomon Demissie's current condition arises primarily out of employment and whether he has a permanent impairment. After an April 30 hearing, the Court grants the motion as to Mr. Demissie's request for additional medical and permanent disability benefits, but he remains entitled to future medical benefits.

## Claim History

Mr. Demissie, a mechanic, filed a petition for benefit determination alleging he injured his hip in an auto accident while test-driving a vehicle. He initially treated on his own and settled a third-party claim for the accident. N & S eventually accepted the claim and offered a panel of orthopedists. Mr. Demissie selected Dr. Forrest Allen and saw him once in May 2023.

Later, Mr. Demissie requested an expedited hearing seeking additional medical and temporary disability benefits. After a December 2023 hearing, the Court ordered that N & S authorize a return visit with Dr. Allen but denied Mr. Demissie's request for additional disability benefits. Neither party appealed, and Mr. Demissie returned to the doctor in January 2024.

At a February status hearing, Mr. Demissie announced his intention to request another expedited hearing seeking an order for N & S to authorize pain management

1

recommended by Dr. Allen. N & S argued he was not entitled to pain management because Dr. Allen said that treatment was not related to the work accident. The Court cautioned Mr. Demissie at that time that if he wanted N & S to pay for pain management, he must offer medical proof that the need for it is work-related. For its part, N & S stated that it planned to move for summary judgment.

Mr. Demissie later filed a hearing request and records from an unauthorized pain management physician. Those records included a statement from the doctor that she declined to complete a C-32 form because she did "not feel comfortable with the full scope of this documentation."

N & S filed this summary judgment motion. Considering the pain management doctor's opinion, the Court declined to set an evidentiary hearing on Mr. Demissie's request and proceeded with this hearing.

*The motion and parties' positions*

N & S filed a statement of undisputed material facts, summarized below.

1. Mr. Demissie was N & S's employee on October 3, 2022, when he was involved in a motor vehicle accident arising out of the course and scope of his employment.
2. Dr. Allen is the panel-selected authorized physician.
3. On May 23, 2023, Dr. Allen wrote that Mr. Demissie was able to work at full capacity.
4. Dr. Allen placed Mr. Demissie at maximum medical improvement and assigned no permanent impairment.
5. On January 5, 2024, Dr. Allen saw Mr. Demissie again and gave the opinion that Mr. Demissie's complaints were not causally related to the work injury of October 3, 2022.
6. Dr. Allen further stated that no additional treatment is available for Mr. Demissie that would be related to the work injury.

N & S supports these facts by citation to the record, which includes Dr. Allen's affidavit. N & S argues no factual dispute exists as to Mr. Demissie's entitlement to additional benefits.

Mr. Demissie did not file a response to the motion, but he argues that his pain from the work accident persists and he is unable to work. He disagrees with Dr. Allen's conclusions.

**Law and Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, N & S must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Demissie's claim, or (2) demonstrate that the evidence is insufficient to establish an essential element of Mr. Demissie's claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 488 S.W.3d 235, 264 (Tenn. 2015).

If N & S does either or both, Mr. Demissie must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06. If he fails to do so, "summary judgment, if appropriate, shall be entered against [him]." *Id.*

N & S argues that summary judgment is appropriate because it demonstrated that Mr. Demissie's current complaints did not arise out of employment and he did not sustain any permanent impairment.

Mr. Demissie expresses a sincerely-held belief that his current condition relates to the work accident. However, he offers no expert opinion to rebut N & S's proof. He did not show the work-relatedness of his current complaints or that he sustained any permanent impairment. Mr. Demissie's belief is argument not proof. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Feb. 14, 2018) (parties cannot rely solely on their own medical interpretations of the evidence to successfully support their arguments).

Therefore, based on the undisputed facts, N & S has negated an essential element of any claim for permanent disability by showing there is no proof of permanent impairment. Likewise, because Dr. Allen says Mr. Demissie's current complaints do not arise primarily out of his employment, N & S has negated the essential element of Mr. Demissie's claim for additional medical treatment *at this time*.

However, the Court disagrees with N & S's contention that, since Dr. Allen stated no future treatment is necessary, Mr. Demissie is not entitled to future medical benefits. An employee who suffers a compensable injury is entitled to any reasonable, necessary, and work-related medical treatment. Tenn. Code. Ann. § 50-6-204(a)(1)(A). The Court might later be tasked with determining whether N & S is responsible for further medical treatment for Mr. Demissie's compensable injury. *See Reynolds v. Liberty Mut. Ins. Co.,* No. 02S01-9203-CH-00027, 1992 Tenn. LEXIS 620, at *4-5 (Tenn. Workers' Comp. Panel Oct. 7, 1992) ("If and when application is made for any such future medical expenses, the trial judge will at that time and under the evidence then adduced have to determine whether the employer or its insurance carrier is liable for the payment of such expenses.").

In sum, N & S is entitled to summary judgment on the issues of permanent disability and the absence of need for current medical treatment. Mr. Demissie remains entitled to medical benefits in the future, the need for which must be determined at the time they are requested.

**IT IS ORDERED AS FOLLOWS:**

1. N & S is entitled to summary judgment as a matter of law regarding the immediate provision of additional medical treatment and the payment of permanent disability benefits. Those claims are dismissed with prejudice.

2. N & S shall furnish reasonable, necessary, and work-related future medical benefits under Tennessee Code Annotated section 50-6-204.

3. The Court taxes the $150.00 filing fee to N & S, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-06 (2023) within five business days of this order becoming final.

4. N & S shall file Form SD-2 with the clerk within ten business days after this order becomes final.

5. Unless appealed, this Order shall become final 30 days after entry.

**ENTERED May 7, 2024.**

_Kenneth M. Switzer_

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on May 7, 2024.

| Name | Regular mail | Email | Sent to |
|---|---|---|---|
| Solomon Demissie, Employee | X | X | demissolo@gmail.com<br>5424 Oak Chase Drive<br>Antioch, TN 37013 |
| Kitty Boyte, Employer's Attorney | | X | kitty.boyte@petersonwhite.com<br>denise.mccorkle@petersonwhite.com |

_____

Penny Shrum
Clerk, Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
[www.tn.gov/workforce/injuries-at-work/](www.tn.gov/workforce/injuries-at-work/)
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____
**Employee**

v.

_____
**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____    ☐ Motion Order filed on _____

☐ Compensation Order filed on_____    ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*